UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL W. GRAGG, | ) | |
| TRACEY M. GRAGG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 14-3315 |
| | ) | |
| JASON THORON, DIANA | ) | |
| JOHNSON, SHARON BARNES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court are Defendant Sharon Barnes's Motion to Dismiss (d/e 18) and Defendants Diana Johnson and Jason Thoron's Motion to Dismiss (d/e 21). Because these Defendants cannot be sued individually under the Rehabilitation Act, their Motions to Dismiss are GRANTED.

In their complaint, the Plaintiffs, Michael and Tracey Gragg, state that Michael Gragg is blind and that Tracey Gragg has mental disabilities. See Second Amended Complaint, d/e 9. The Graggs

allege that the Defendants, who all work in some capacity at ITT Technical Institute ("ITT Tech"), failed to accommodate the Graggs' disabilities when the Graggs enrolled for classes at ITT Tech. The Graggs sued, bringing several claims against the Defendants for violations of Section 504 of the Rehabilitation Act. The Defendants now move to dismiss the Graggs' complaint under Federal Rule of Civil Procedure 12(b)(6) because the Defendants cannot be held liable under Section 504 of the Rehabilitation Act.

Dismissal under Rule 12(b)(6) is proper if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In determining whether a complaint can survive a motion to dismiss, the Court can consider "the allegations that are contained in [the complaint] and all reasonable inferences drawn from [the complaint] in favor of the nonmovant." Dausch v. Rykse, 52 F.3d 1425, 1428 (7th Cir. 1994).

The Court concludes that the Graggs cannot state a claim for relief against the Defendants under Section 504 of the

Rehabilitation Act. Section 504 states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Only actual recipients of federal funds can be sued under Section 504. See Grzan v. Charter Hosp. of Nw. Indiana, 104 F.3d 116, 118 (7th Cir. 1997) (citing United States Dept. of Transp. v. Paralyzed Veterans of America, 477 U.S. 597, 605 (1986)), abrogated on other grounds by Olmstead v. L.C., 527 U.S. 581 (1999). It is possible that ITT Tech receives federal assistance—though the Graggs do not allege as much—but even if it does, the Defendants would not be liable under Section 504 because "[e]mployees of the recipients of federal financial assistance are not in themselves the recipients of such assistance." See id.; see also Dent v. City of Chicago, No. 02 C 6604, 2003 WL 21801163, at *1 (N.D. Ill. Aug. 1, 2003) ("[T]he law is well-settled that there is no individual liability under Title VII, the ADA, the Rehabilitation Act, and the ADEA."). Therefore, the Graggs cannot state a claim against the Defendants under Section

504 of the Rehabilitation Act.

For that reason, the Defendants' Motions to Dismiss (d/e 18, 21) are GRANTED. The Graggs' Second Amended Complaint (d/e 9) is DISMISSED, and Defendants Jason Thoron, Diana Johnson, and Sharon Barnes are TERMINATED from this case. The Graggs may file an amended complaint excluding these Defendants and instead bringing their claims against ITT Tech by March 27, 2015. The Court notes, however, that the Graggs may only bring Section 504 claims against ITT Tech if they can establish that ITT Tech is a recipient of federal funds. If the Graggs do not file an amended complaint by March 27, this case will be closed.

ENTER: March 12, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE